Alhen, J.,
dissenting. I concede that this train is “propelled by electricity,” but I dissent from the conclusion of the majority upon the ground that the *341 sweeping prohibition of Section 12553, General Code, which applies the Full Crew Law to passenger “trains,” is in no way impaired as to trains by the exception of Section 12554, which applies to “cars.” The definitions of the terms in question as relating to the facts disclosed by this record are as follows: The Century Dictionary defines “train” as being a connected line of- carriages, cars, or wagons, moving or intended to be moved on a railway. It defines a “ear” as being a vehicle running upon rails. Webster defines a “train” as a connected line of cars or carriages on a railroad. Hence the operation covered by this record comes squarely within the definition of being a “train” operation.
There is, in my judgment, a valid legislative policy underlying the use of the word “trains,” as distinguished from “cars,” in this section. The Legislature no doubt intended the exception of Section 12554 to apply to the operation of interurban cars. Obviously the operation of trains, so far as need of a full crew is concerned, is attended with more danger to passengers and crew than the operation of such interurban cars. If the holding of the majority states the law, however, then the operation of a train of three cars, five cars, ten cars, or fifteen cars, propelled by an electric motor, also does not come within the purview of the Full Crew Law. It was stated in argument, and not denied, that if the order of the Public Utilities Commission stands in this case, heavy trains with numerous passenger cars, propelled by electric engines, operated from and into the Union Station in Cleveland, will not be protected by the provisions of Section 12553. This fact em *342 phasizes the distinction between the terms “train” and “car,” as used in the statute.
Hence I hold that the exception which applies to “cars” propelled by electricity does not operate in this case.